UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :

DEVIN D. HOWARD,              : CASE NO. 1:20-CV-02802
                                             :
              Plaintiff,             :
                                             :
vs.                                       : OPINION & ORDER
                                             : [Resolving Doc. No. 1]
JAMIE ONION, et al.,           :
                                             :
             Defendants.        :
                                             :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      *Pro se* Plaintiff Devin D. Howard filed this civil rights action against United States

Deputy Marshals Jamie Onion, Ronald Parmertor, Michael Gerardi, and Greg Leonbruno, the

City of Willoughby Hills, unidentified Cuyahoga County Sheriff's Deputies, and Cuyahoga

County .  In the Complaint, Plaintiff Howard contends the Deputy Marshals and Sheriff's

Deputies conducted a warrantless search of a residence he occupied and confiscated his AR-15

rifle and his lockbox.  He makes claims against the Deputy Marshals and the Sheriff's Deputies

for violation of Fourth and Fourteenth Amendment rights.  He claims the City of Willoughby

Hill refused to return his property.  He seeks monetary damages.

## I.  Background

      Plaintiff alleges that on July 27, 2018, United States Deputy Marshals executed a lawful

warrant for the arrest of his brother at an apartment on Ruth Ellen Dr.in Richmond Hts., Ohio.

The warrant resulted from a robbery conducted with a small handgun.  Plaintiff claims that the

Marshals took his brother to the jail in Willoughby Hills and questioned him for two hours. During that questioning, his brother implicated Plaintiff, and informed officers of the location and ownership of Plaintiff's AR-15 rifle and lockbox still in the apartment.  The Marshals enlisted the assistance of Cuyahoga County Sheriff's Deputies and returned to the apartment to search for the rifle and lockbox.  They located them behind a nightstand and in a laundry basket covered in laundry.  Plaintiff contends he arrived home on July 29, 2018 and learned from a neighbor that law enforcement personnel had searched the apartment and confiscated items that appeared to be the rifle and lockbox.  Plaintiff was later charged and convicted of aggravated robbery and taking the identity of another.  He asserts that the Deputy Marshals and Sheriff's Deputies violated his Fourth Amendment rights by searching the apartment without a warrant. He also claims they denied him Equal Protection.  He also asserts claims for intentional infliction of emotional distress and conversion.

## II.  Standard of Review

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2]  A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3]  This does not

---

[1]    *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2]    *Neitzke*, 490 U.S. at 327.

[3]    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

2

mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5]  When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [6]

## III.  Analysis

Plaintiff cannot proceed with his Fourth Amendment claim in this civil rights action if it amounts to a collateral attack on his conviction.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[7]  A damage claim related to a conviction or sentence that has not been invalidated cannot be considered in a civil rights action.  Therefore, when a prisoner seeks damages in a civil rights suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.  If, however, the Court determines that the Plaintiff's claims, even if successful, will not

---

[4]      *Id.* at 678.
[5]      *Id.*
[6]      *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7]      *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action can proceed, in the absence of some other bar to the suit.

Here, Plaintiff alleges the items were seized in connection with the robbery investigation. Plaintiff was later convicted of that robbery and identity theft. Plaintiff's claim that the items were seized illegally, if found to have merit, would call those convictions into question.[8] He cannot proceed with these claims unless his conviction was reversed on appeal or he was granted a federal writ of habeas corpus. Neither of these has occurred. His Fourth Amendment claims must be dismissed.

Even if Plaintiff's Fourth Amendment claim would not call his conviction into question, he fails to state a claim upon which relief may be granted. While Plaintiff is not required to plead his claim with great detail, he must plead enough facts to suggest he has a plausible claim, and not merely a possible claim, that entitles him to the relief he seeks.[9] Here, although there are points where Plaintiff provides clear, concise factual allegations, he omits critical facts that are needed to state a plausible claim that the search in question was unreasonable. The Court is left to guess at who leased the apartment, who lived in the apartment, if anyone who leased or lived in the apartment consented to the search, what events occurred that led authorities to charge Plaintiff with robbery and identity theft charges, and what occurred to lead to Plaintiff's arrest and conviction. Simply alleging that the officers searched for the AR-15 rifle and lockbox after his brother alerted police to the location of those items is not sufficient to demonstrate that the ensuing search was unreasonable. While it is possible that the search was

---

[8] The docket in Plaintiff's criminal case reflects that he filed a Motion to Suppress at the initiation of the case. That Motion was denied by the trial court.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

conducted unreasonably, it is equally possible looking at the same alleged facts that the search was constitutionally reasonable.  Plaintiff therefore fails to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim for denial of equal protection.  The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.[10]  The primary element that must be established in every equal protection claim is disparate treatment.[11]  Here, Plaintiff has not alleged facts to suggest others who are similarly situated were treated differently.  He merely concludes he was treated differently that other robbery suspects.  That is not sufficient to state a plausible claim for relief.

Finally, the statute of limitations for filing a civil rights action based on the search of the apartment and the seizure of the rifle and the lockbox expired before Plaintiff filed this action. The search and seizure occurred in July 2018.  Plaintiff filed this action in December 2020.  The two-year statute of limitations for filing a federal civil rights action expired prior to filing this action.[12]

Plaintiff also asserts a claim for intention infliction of emotional distress against the Deputy Marshals and the Sheriff's Deputies.  He claims he suffered emotion distress when he discovered personal items were missing from the apartment.  To prevail on this claim, Plaintiff

---

[10]     *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).
[11]     *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).
[12]     *Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005); *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).

must plead and prove that: (1) the Defendants intended to cause emotional distress or knew or should have known that their conduct would result in serious emotional distress to the Plaintiff; (2) Defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) Defendant's conduct was the proximate cause of Plaintiff's psychic injury; and (4) Plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.[13]  Plaintiff contends that Deputy Marshals and Sheriff's Deputies searched an apartment while he was not present and personal items were confiscated without his knowledge. While those actions may have caused him to feel apprehensive when he discovered that a search had occurred, particularly as it was likely to lead to his arrest and prosecution, they do not rise to the level of conduct that is so outrageous that it exceeds all bounds of decency and is not tolerated in a civil society.  He fails to state a claim for intentional infliction of emotional distress.

The only other claim that this Court can reasonably construe from Plaintiff's Complaint is a claim for conversion stated against the City of Willoughby Hills.  This is a state law claim asserted against a non-federal government Defendant.  Federal court jurisdiction generally does not extend to state law claims that are asserted against state and local governments. The Court may exercise supplemental jurisdiction over state law claims if they are asserted with claims that arise under federal law and both claims derive from the same incidence and occurrence. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing state law matters.  *Id*. at 726.  In cases where the federal law

---

[13]     *Kovac v. Superior Dairy, Inc*. 930 F.Supp.2d 857, 870 (N.D. Ohio 2013) (citing *Talley v. Family Dollar Stores of Ohio, Inc*., 542 F.3d 1099, 1110 (6th Cir. 2008).

claims are dismissed before trial, the state law claims should also be dismissed.  *Id*.  Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claim for conversion.

## IV.  Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[14]

IT IS SO ORDERED.

*s/  James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[14]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

7