UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEVIN D. HOWARD, | : | CASE NO. 1:20-cv-02802 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 33] |
| v. | : | |
| | : | |
| JAMIE ONION, ET AL., | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Devin Howard sues Defendant City of Willoughby Hills and several individual Defendant Officers for alleged civil-rights violations and state-law conversion. Howard says that while investigating a robbery that Howard had committed, Defendant Officers unlawfully searched Howard's apartment and seized Howard's property. And, Howard says, Defendant City's retention of that property was an unlawful conversion.

Plaintiff Howard now asks the Court to compel Defendants to respond to Howard's discovery requests. Specifically, Howard says Defendants failed to provide the names of US Marshals involved in the search, the exact times Defendants obtained any search consent and conducted the search, and some witness statements related to the robbery.

Defendants respond that the interrogatory answers were "consistent with the questions that were asked." And Defendants say that the witness statements are irrelevant to Howard's claims.

The Court agrees with Plaintiff Howard that Defendants must provide the names of any US Marshals involved in the search and the exact times of any consent and the search. But the Court agrees with Defendants that Howard's witness-statements request exceeds this

Case No. 1:20-cv-02802
GWIN, J.

action's scope.

Plaintiff Howard's complaint centers on a 2018 search of an apartment where Howard

and his brother, Kahri Howard, both lived.  According to the complaint, law enforcement

believed his brother Kahri had committed an armed robbery.  So, law enforcement obtained

an arrest warrant for Kahri.[1]  On July 27, 2018, law enforcement executed the arrest warrant

at the Howard brothers' apartment.[2]

The parties agree that Defendant Officers searched the apartment sometime on July

27.[3]  In his complaint, Plaintiff Howard says Defendant Officers lacked any warrant, consent,

or exigent circumstance to justify a search.  Howard further says the Defendant Officers

seized a rifle and lockbox that were unrelated to the armed robbery.[4]  And Howard says that

Defendant City now unlawfully retains possession of the rifle and lockbox.[5]

Defendants respond that sometime on July 27, Plaintiff's brother Kahri consented to

a search of the Howard brothers' apartment.[6]

Parties may seek discovery "regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case … ."[7]  Federal courts

broadly construe discovery rules in favor of discovery.[8]

Here, Defendants offer no reason that Howard's request for the Marshals' names

exceeds discovery's scope.  Nor do Defendants claim that Defendants do not have the

---

[1] Doc. 17 at ¶ 12.
[2] *Id.*
[3] *See* Doc. 33-1 at 3 (PageID 171) (quoting Defendants' Interrogatory Answers); Doc. 17 at ¶ 14.
[4] Doc. 17 at ¶¶ 15–17.
[5] *See id.* at ¶¶ 22–26.
[6] Doc. 33-1 at 3 (PageID 171) (quoting Defendants' Interrogatory Answers).
[7] FED. R. CIV. P. 26(b)(1), *referenced in* FED. R. CIV. P. 33(a)(2).  As Plaintiff Howard correctly notes, Rule 26 no longer requires parties to limit discovery requests to information "reasonably calculated to lead to the discovery of admissible evidence."
[8] *See* Rui He v. Rom, 1:15-CV-1869, 2016 WL 909405 (N.D. Ohio Mar. 10, 2016) (citing United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976)).

Case No. 1:20-cv-02802
GWIN, J.

Marshals' names.  Because this action concerns the search's legality, Howard might seek to depose or call as witnesses the officials involved in the search.[9]  So, Howard's request for the Marshals' names is within discovery's scope.

Defendants likewise give no reason that the interrogatory answers failed to include "the exact date and time[s]" the search began and ended or "the time when and place where consent was given."[10]  Since Howard alleges that Defendants lacked any consent to search Plaintiff's property, the timing of any consent relative to the apartment search directly relates to Howard's case.

Plaintiff Howard's request for witness statements, however, falls outside this action's scope.  Howard says the requested documents would "provide background information" related to how law enforcement discovered Howard's address and what law enforcement expected to find in the apartment.  But evidence supporting the Kahri arrest warrant is irrelevant to whether Defendants obtained consent and any consent's scope.  So, Howard cannot compel Defendants to produce the witness statements.

Finally, because the Court grants in part and denies in part Plaintiff Howard's motion, the Court declines to apportion any discovery expenses under Rule 37.[11]

Accordingly, the Court **GRANTS** Howard's motion to compel complete answers to the interrogatories.  The Court **DENIES** Howard's motion to compel production of the witness statements.  And the Court **DENIES** Howard's motion for Rule 37 sanctions.

IT IS SO ORDERED.

Dated: April 11, 2023                            s/    *James S. Gwin*

---

[9] Howard also wants the Marshals' names so Howard can amend the complaint to name individual Marshals as defendants. *See* Doc. 33-1 at 2 (PageID 170). The Court does not now decide whether any such amendment would be timely.
[10] *See id.* at 3 (PageID 171).
[11] *See* FED. R. CIV. P. 37(a)(5)(C).

Case No. 1:20-cv-02802
GWIN, J.

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE