UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| DEVIN D. HOWARD, | : | CASE NO. 1:20-cv-02802 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 38] |
| v. | : |  |
| JAMIE ONION, ET AL., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Pro se Plaintiff Devin Howard asks this Court to reconsider its decision not to compel Defendants to produce certain witness statements. Because Howard gives no good reasons to reconsider, the Court **DENIES** the reconsideration motion.

Plaintiff Howard's complaint centers on a 2018 search of an apartment where Howard and his brother, Kahri Howard, both lived. According to the complaint, law enforcement believed his brother Kahri had committed an armed robbery. Based in part on certain witness statements, law enforcement obtained an arrest warrant for Kahri.[1]

On July 27, 2018, law enforcement executed the arrest warrant at the Howard brothers' apartment.[2]

The parties agree that Defendant Officers searched the apartment sometime on July 27.[3] In his complaint, Plaintiff Howard says Defendant Officers lacked any warrant, consent, or exigent circumstance to justify a search. Howard further says the Defendant Officers

---

[1] Doc. 17 at ¶ 12.
[2] *Id.*
[3] *See* Doc. 33-1 at 3 (PageID 171) (quoting Defendants' Interrogatory Answers); Doc. 17 at ¶ 14.

Case No. 1:20-cv-02802
GWIN, J.

seized his firearm and other possessions unrelated to the armed robbery.[4] In written discovery responses, Defendants say that sometime on July 27, Plaintiff's brother Kahri consented to a search of the Howard brothers' apartment.[5]

On April 11, 2023, the Court granted Howard's request to compel certain interrogatory answers. But the Court denied Howard's request to compel Defendants to produce the witness statements that supported the Kahri arrest warrant. The Court explained that evidence supporting the Kahri arrest warrant is irrelevant to whether Defendants obtained consent and any consent's scope.[6]

At a May 4, 2023, case management conference, the Court asked what authority allowed Defendants to search the apartment. Defendants represented that they obtained written Kahri consent.

Howard now asks the Court again to compel witness-statement production.

Courts sparingly grant motions to reconsider. "[A] motion for reconsideration is unfounded unless it either calls [the Court's] attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."[7]

Howard gives no good reason to reconsider. According to Howard, the Court's focus on consent narrowed the scope of defenses Defendants might raise. As Howard sees it, the witness statements would relate to any probable-cause defense.

---

[4] Doc. 17 at ¶¶ 15–17.
[5] Doc. 33-1 at 3 (PageID 171) (quoting Defendants' Interrogatory Answers).
[6] Doc. 35.
[7] United States v. Chambers, 1:16-cv-1523, at *2 (N.D. Ohio, Mar. 20, 2016) (Gwin, J.) (slip op.) (quoting Davie v. Mitchell, 291 F. Supp. 2d 573 (N.D. Ohio 2003), aff'd, 547 F.3d 297 (6th Cir. 2008)).

Case No. 1:20-cv-02802
GWIN, J.

The Court disagrees. Based on parties' representations at the case management conference and the interrogatory responses, this case does not turn on probable cause.

When lawfully executing an arrest warrant at an arrestee's home, police may search within the arrestee's reach for any weapons or other contraband.[8] Police may also obtain consent to search the rest of the home from anyone with a possessory interest in the home.[9] And "[a]n officer with consent needs neither a warrant nor probable cause to conduct a constitutional search."[10]

Howard further says that he wants the witness statements to show officers' subjective knowledge while executing the search. But Howard may rely on other evidence, such as the Kahri interview and officers' depositions, to show what officers knew.

Because Howard gives no qualifying reasons for reconsideration, the Court **DENIES** this motion.

IT IS SO ORDERED.

Dated: July 6, 2023            *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[8] *See* United States v. Romero, 452 F.3d 610, 619–20 (6th Cir. 2006).
[9] *See* United States v. Johnson, 656 F.3d 375, 377 (6th Cir. 2011).
[10] United States v. Moon, 513 F.3d 527, 537 (6th Cir. 2008).