IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEVIN D. HOWARD, *Pro Se* (Inmate No. A770357) ) | CASE NO. 1:20-CV-02802-JG |
| Plaintiff, ) | U.S. DISTRICT JUDGE |
| ) | JAMES S. GWIN |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| JAMIE ONION, ET AL. ) | JENNIFER DOWDELL ARMSTRONG |
| Defendants, ) | |
| ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |

## I. INTRODUCTION

This matter is before me on Plaintiff Devin D. Howard's ("Mr. Howard") Second Motion for Order Compelling Discovery (ECF Doc. No. 39) and Motion for Sanctions Order (ECF Doc. No. 42). For the reasons set forth below, Mr. Howard's motion to compel is DENIED, and motion for sanctions is DENIED without prejudice.

## II. PROCEDURAL HISTORY

Mr. Howard alleges that Defendants City of Willoughby Hills and several individual Officers (collectively, "Defendants") committed federal civil rights violations and conversion under Ohio law when they unlawfully searched his home and seized his personal property. (ECF Doc. No. 1).

On March 17, 2023, Mr. Howard moved to compel Defendants' responses to certain discovery requests. (ECF Doc. No. 33). On March 29, 2023, Defendants filed a brief in opposition. (ECF Doc. No. 34). On April 11, 2023, the Court issued an opinion and order

1

granting Mr. Howard's motion to compel answers to interrogatories 2, 3, and 7, denying his motion to compel witness statements, and denying his motion for sanctions. (ECF Doc. No. 35).

On June 14, 2023, Mr. Howard filed his second motion to compel, which seeks to compel Defendants to produce complete answers to Interrogatory Numbers 4 and 5 and complete production of documents to Request Numbers 3 and 4. (ECF Doc. No. 39). On June 21, 2023, Mr. Howard filed a motion for sanctions, arguing that Defendants should be sanctioned for failure to comply with the Court's order requiring Defendants to supplement answers to Interrogatory Numbers 2, 3, and 7. On July 5, 2023, the Court referred this case to me for resolution of the issues raised in Mr. Howard's motions.

### III.    LAW AND ANALYSIS

#### A.    Mr. Howard's Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 embodies a liberal approach to discovery, and "relevance" is construed broadly for discovery purposes. *See Noakes v. Case Western Reserve Univ.*, No. 1:21-CV-01776-PAB, 2022 WL 17811630, at *2 (N.D. Ohio Dec. 19, 2022). Material "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

After the 2015 revisions to the Federal Rules, however, discovery must also be "proportional" to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021). The revised rules "ensure[] that the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enters.*, 988 F.3d

2

at 273 (quoting Fed. R. Civ. P. 26(b), advisory committee's note to 2015 amendment). As a result, "[i]t is now the power—and duty—of the district courts [to] actively manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Id.* at 274 (quotation omitted, emphasis in original).

Rule 37(a)(1)(B) provides that a party may move to compel responses to discovery. Fed. R. Civ. P. 37(a)(1)(B). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp.3d 896,902 (N.D. Ohio Oct. 25, 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." (*Id.*). Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, --- F. Supp. 3d ---, 2022 WL 18034499, at *4 (N.D. Ohio Dec. 28, 2022).

Mr. Howard's motion to compel raised several alleged deficiencies in Defendants' answers to interrogatories and answers to requests for documents. Specifically, Mr. Howard moves to compel Defendants' responses to Interrogatory Numbers 4 and 5, which seeks information about the list of items seized during the search and disposition of each item; Document Request 3, which requests documents pertaining to the chain of custody and disposition of items taken; and Document Request 4, which seeks documents related to money or other financial gain related to the search. I address each in turn.

### 1. Interrogatory Numbers 4 and 5

Interrogatory Number 4 asks Defendants to "[s]et forth specifically all items, materials, papers, or tangible things that were seized as a result of the searches referenced in the

complaint." (ECF Doc. No. 39, PageID# 209). Interrogatory Number 5 asks Defendants to "[s]et forth specifically the chain of custody and resulting disposition of those things listed in the Answer to Interrogatory No. 4; and identify all of those who may have discoverable information concerning said chain of custody and disposition." (*Id.*).

Defendants objected to both interrogatories on the grounds that they requested evidence in a criminal investigation that is outside the scope of this case. (*Id.*). However, Defendants also responded substantively to both interrogatories, stating that a Smith & Wesson M&P lower and an AR15 type upper receiver were taken. (*Id.*). Defendants also stated that "the weapon" was destroyed on September 20, 2022. (ECF Doc. No. 39, PageID# 210).

In his motion to compel, Mr. Howard argues that Defendants have not provided complete answers to either interrogatory. In particular, Mr. Howard argues that, because Defendants asserted objections to both interrogatories before responding, Defendants must not have provided a complete list of the items seized in the search. Mr. Howard also argues that Defendants should be required to provide the chain of custody information for any "unlisted effect(s)" in responsive to Interrogatory Number 5. (ECF Doc. No. 39, PageID# 210-214). However, "a party may not move to compel discovery on the basis of a mere suspicion that the producing party has additional information that it failed to disclose." *Conley v. United States*, No. 2:10-CV-444, 2011 WL 5326133, at *2 (S.D. Ohio Nov. 4, 2011) (quoting *Harris v. Koenig,* 271 F.R.D. 356, 370 (D.D.C. 2010)). Mr. Howard does not provide any basis to believe that Defendants' answers are incomplete.

To the contrary, Defendants expressly stated in their opposition brief that "[t]he answers provided are complete answers and constitute a specific and detailed list of items taken during the course of the search." (ECF Doc. No. 41, PageID# 225-226). "Ordinarily, the representation

4

of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016); *see also Redemption Enters. Inc. v. C. Transport.*, No. 1:15 CV 361, 2016 WL 7494869, at *1 (N.D. Ohio Dec. 28, 2016) (denying motion to compel because the court had no reason to doubt the affirmations of the defendant). That rule is fully applicable here. Defendants have affirmed they have provided a complete list of items seized and cannot be required to give an accounting of items that do not exist. I therefore DENY Mr. Howard's motion to compel Defendants' responses to Interrogatory Numbers 4 and 5.

## 2. Document Request 3

Request Number 3 asks Defendants to "[p]roduce all documents pertaining to the chain of custody and disposition of the items, materials, papers, or tangible things seized during the searches and seizures referenced in the Complaint." (ECF Doc. No. 39, PageID# 214). Defendants did not object to this request and instead provided responsive documents. (*Id.*).

Mr. Howard states that he "believes this response to be improper because of the speculation created by Defendants." (*Id.*). He argues that because the answer to Interrogatory Number 4 is incomplete that the responsive documents must be incomplete as well. As noted above, I have determined that Defendants' response to Interrogatory Number 4 is complete, and Mr. Howard provides no additional reason to believe that Defendants are withholding responsive documents. While a plaintiff should have access to necessary information, "a plaintiff may not be permitted to 'go fishing.'" *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017). Furthermore, Mr. Howard is "simply seek[ing] reassurance that [he] has received all responsive documents. This is an improper request for a motion to compel."

*Dominium Liquid Techs., LLC v. GT Bev. Co.,* No. 1:11-CV-444, 2013 WL 2181710, at *4 (S.D. Ohio May 20, 2013). I therefore DENY Mr. Howard's motion to compel Document Request Number 3.

### 3. Document Request Number 4

Request Number 4 asks Defendants to "[p]roduce all documents pertaining to any cash, monies, finances, capital, funds, assets, or privileges that were acquired or promised arising out of the sale, exchange, conversion, or other disposition of the items, materials, papers, or tangible things seized during the searches and seizures referenced in the Complaint." (ECF Doc. No. 39, PageID# 216). Defendants stated that they "are not aware of any documents fitting the description." (*Id.*).

Mr. Howard argues that Defendants' statement is not under oath. However, unlike interrogatory responses, responses to document requests need not be verified under penalty of perjury. *See* Fed. R. Civ. P. 34(b)(2). And, as noted above, "the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Snyder*, 2016 WL 339972, at *6. Mr. Howard again fails to provide any basis for me to conclude that Defendants are withholding responsive documents. A "mere suspicion that the producing party possesses additional information that it has failed to disclose" is an insufficient basis for a motion to compel. *Kendle v. Whig Enters., LLC*, No. 2:15-CV-1295, 2016 WL 898569, at *4 (S.D. Ohio Mar. 9, 2016) (holding that a "plaintiff may not successfully move to compel discovery on the basis of a mere suspicion"). I therefore DENY Mr. Howard's motion to compel Document Request Number 4.

B. **Mr. Howard's Motion for Sanctions**

Mr. Howard moved for sanctions under Rule 37, arguing that Defendants have failed to comply with the Court order to supplement Interrogatory Numbers 2, 3, and 7. Under Rule 37, discovery sanctions may be ordered when a party "fails to obey an order to provide or permit discovery . . . unless the failure was substantially justified." Fed. R. Civ. P. 37; *Peltz v. Moretti*, 292 F. App'x. 475, 479 (6th Cir. 2008) (unpublished). This Court has discretion to determine whether sanctions are appropriate. *First Bank of Marietta v. Hartford Underwriters Ins.,* 307 F.3d 501, 510 (6th Cir. 2002).

On March 17, 2023, Mr. Howard moved to compel full and complete answers to Interrogatory Numbers 2, 3, and 7. (ECF Doc. No. 33). On April 11, 2023, the Court ordered Defendants to provide complete answers to the interrogatories. (ECF Doc. No. 35). On June 21, 2023, Mr. Howard filed a motion for sanctions, arguing that Defendants had failed to provide supplemental answers as mandated by the Court's order. (ECF Doc. No. 42). In response, Defendants stated they produced a flash drive of responsive information on May 31, 2023, and they believed that the "flash drive would be adequate to inform Plaintiff of Defendants' Answers to his discovery requests." (ECF Doc. No. 45, PageID# 243). Defendants also argued that, while Mr. Howard was purportedly denied access to the flash drive by prison authorities, Mr. Howard's inability to access the materials was not Defendants' fault. (*Id.*). Defendants also stated that they converted the electronic information to two compact disks, which they believed Mr. Howard would be able to view and which they mailed on June 26, 2023. (ECF Doc. No. 45, PageID# 244).

Defendants' argument is not immediately responsive to Mr. Howard's motion for sanctions. Mr. Howard argued that Defendants had failed to provide supplemental interrogatory

7

responses in compliance with the Court's order. Defendants responded that they produced a flash drive worth of documents that they believed would be adequate to inform Mr. Howard of Defendants' responses. It is unclear if the electronic information that Defendants provided included supplemental answers to Interrogatory Numbers 2, 3, and 7 as the Court's order required, or if Defendants instead simply provided various documents with the expectation that Mr. Howard could glean the answers to his interrogatories from those documents. If the latter, then Defendants have failed to comply with the Court's order or their obligations under the Federal Rules. While Rule 33(d) provides that Defendants may identify business records in response to an interrogatory, Rule 33(d) also provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33. In this case, it appears that Defendants may have "failed to adequately specify which records should be reviewed by plaintiffs." *Trimbur v. Norfolk S. Corp.*, No. 2:13-CV-0160, 2015 WL 235219, at *8 (S.D. Ohio Jan. 16, 2015) (holding that defendants must supplement interrogatory answers for failing to specifically identify relevant documents). Thus, to the extent Defendants have not provided answers, I ORDER Defendants to supplement answers to Interrogatory Numbers 2, 3, and 7 within fourteen days of the date of this order. I also hereby set a telephonic status conference for August 16, 2023, at 1:30 p.m. to discuss the status of Defendants' supplemental responses and Defendants' compliance with the Court's prior order. In the interim, Mr. Howard's motion to compel is DENIED without prejudice pending any supplemental responses from Defendant and pending the August 16, 2023 status hearing.

## IV. CONCLUSION

For the foregoing reasons, I DENY Mr. Howard's second motion to compel and DENY WITHOUT PREJUDICE Mr. Howard's motion for sanctions. I ORDER Defendants to

supplement answers to Interrogatory Numbers 2, 3, and 7 within fourteen days of the date of this order. I also hereby set a telephonic status conference for August 16, 2023, at 1:30 p.m. to discuss the status of Defendants' supplemental responses and Defendants' compliance with the Court's prior order.

**IT IS SO ORDERED.**

Dated: July 24, 2023

<u>*s/ Jennifer Dowdell Armstrong*</u>
Jennifer Dowdell Armstrong
U.S. Magistrate Judge