UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEVIN D. HOWARD, | : | CASE NO. 1:20-cv-02802 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 65, 67] |
| v. | : | |
| JAMIE ONION, et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Pro se Plaintiff Devin Howard sued various police officers and the City of Willoughby Hills over an allegedly unlawful search and seizure. Howard claimed that the Defendant officers wrongly seized Howard's AR-15 rifle and related items during a warrantless search.

On September 29, 2023, the Court granted summary judgment in favor of all Defendants on all claims.[1] In its September 29, 2023 order, the Court also addressed all pending discovery disputes relevant to summary judgment.[2] The Court denied all other discovery motions as moot.[3] In so ruling, the Court fully resolved Plaintiff Howard's case.

A little over two months later, on December 7, 2023, Plaintiff Howard filed a "Motion to Reconsider" under Federal Rule of Civil Procedure 59(e).[4] While Howard's Rule 59(e) motion was pending, Howard also filed a notice of appeal and a motion for leave to appeal in forma pauperis.[5]

---

[1] Doc. 63.
[2] *Id.* at 12–14.
[3] *Id.* at 14.
[4] Doc. 65.
[5] Doc. 66, 67.

Case No. 1:20-cv-02802
GWIN, J.

*Rule 59(e).* A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."[6] This is a strict deadline that courts do not have the power to extend.[7] Courts have rigorously enforced the deadline even against pro se plaintiffs.[8]

Although Rule 59(e) refers to the entry of "judgment," the Sixth Circuit has explained that a "final order" also triggers the Rule 59(e) clock.[9] An order that "end[s] the litigation in the district court" is a final order for Rule 59(e) purposes.[10]

The Court's September 29 order was a final order under Rule 59(e). In the September 29, 2023 order, the Court explicitly granted summary judgment "in favor of all Defendants on all remaining claims."[11] The Court addressed all pending discovery disputes in that order as well.[12] Following the September 29, 2023 order, there were no claims or pending motions left to be resolved. That is, the September 29, 2023 order ended the district court litigation.

Since the September 29, 2023 order was final, Plaintiff Howard's Rule 59(e) motion was due by October 27, 2023. But Howard did not file his motion until December 7, 2023. Because Howard missed the Rule 59(e) deadline, the Court **DENIES** his Rule 59(e) motion.

*In Forma Pauperis.* "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."[13] An appeal is not taken in good faith if that appeal "lacks an arguable basis either in law or in fact."[14]

---

[6] Fed. R. Civ. P. 59(e).
[7] *Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(2)).
[8] *Oko v. City of Cleveland*, No. 1:21-cv-2222, 2023 WL 6466160, at *5 (N.D. Ohio Oct. 4, 2023) (collecting cases).
[9] *Keith*, 618 F.3d at 597.
[10] *Id.* at 598.
[11] Doc. 63 at 14.
[12] *Id.* at 12–14.
[13] 28 U.S.C. § 1915(a)(3).
[14] *Shephard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Case No. 1:20-cv-02802
GWIN, J.

In this case, the Court finds that there is no arguable basis in either fact or law for Plaintiff Howard's appeal. Plaintiff Howard provides no evidence showing that the consent search authorized by his brother was invalid, or that Defendants could not have recognized Howard's AR-15 as contraband under the plain view doctrine. Plaintiff Howard also provides no evidence showing that the City of Willoughby Hills was not immune under state law.

So, the Court **DENIES** Howard's in forma pauperis motion.

\* \* \*

The Court **DENIES** Plaintiff Howard's Rule 59(e) motion and in forma pauperis motion. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal cannot be taken in good faith from the September 29, 2023 summary judgment order.

IT IS SO ORDERED.

Dated: April 24, 2024  *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE