UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DEVIN D. HOWARD, | : | CASE NO. 1:20-cv-02802 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 70] |
| v. | : | |
| | : | |
| JAMIE ONION, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Devin Howard asks the Court to reconsider its order denying Howard's earlier motion to alter or amend judgment under Rule 59.[1] The Court does not have jurisdiction to do so because Howard has appealed.[2]

Although the Court was able to rule on Howard's earlier Rule 59 motion after Howard filed his notice of appeal, that is because Howard filed his Rule 59 motion before appealing. Under the Federal Rules of Appellate Procedure, a notice of appeal filed after a Rule 59 motion does not become effective until the district court rules on the Rule 59 motion.[3] Once the Court denied Howard's Rule 59 motion, the notice of appeal became effective, and the Court lost jurisdiction.

One possible exception to this rule is that the Court may, but is not required to, entertain a motion for relief from judgment even after an appeal has been filed.[4] However,

---

[1] Doc. 70.
[2] *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007).
[3] Fed. R. App. P. 4(a)(4)(B)(i).
[4] *Dunham*, 486 F.3d at 935.

Case No. 1:20-cv-02802
GWIN, J.

"there is no error where the District Court decides to let the appeal run its course" and declines to address the motion for relief from judgment.[5]

In this case, the Court finds that the most efficient way to proceed is to allow Howard's appeal to move forward in the ordinary course. Therefore, the Court **DISMISSES** Howard's motion.

IT IS SO ORDERED.

Dated: July 25, 2024            *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[5] *Dunham*, 486 F.3d at 935.

- 2 -